Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

| | |
|---|---|
| CHARMING BEATS LLC, | Case No.: 22-cv-3478 |
| Plaintiff, | **ECF CASE** |
| v. | **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT** |
| GOLDEN BOY PROMOTIONS, INC., and GOLDEN BOY PROMOTIONS, LLC, | |
| Defendants. | |

----------------------------------------------------------------x

Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Complaint and Jury Demand against defendants GOLDEN BOY PROMOTIONS INC. and GOLDEN BOY PROMOTIONS, LLC for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

**JURISDICTION AND VENUE**

1.      This Court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## SPECIFIC JURISDICTION

2.      Plaintiff is the exclusive owner of all rights to the copyrighted recording and composition "DEA" – U.S. Copyright Registration No. SR 713-226 (the "Copyrighted Track").

3.      Defendants are nondomiciliaries headquartered in California.

4.      Defendants, without a license or authority, publicly performed, reproduced, publicly displayed, and and synchronized the Copyrighted Track to an advertisement titled "Joseph Diaz Jr Training Camp - July 30 HBO Latino" (the "Infringing Advertisement").

5.      Defendants, without license or authority, then distributed the Infringing Advertisement to various third-parties including YouTube where it was, and is, publicly displayed on defendants' YouTube page.

6.      These are torts committed outside the state.

7.      Defendants were put on notice of their infringing activity, but elected to continue to infringe after notice.

8.      Defendants operate in New York through the registered entity Golden Boy Promotions-New York, LLC.

9.      Defendants routinely promote boxing matches in New York, and have contracted with New York based fighters like Sadam Ali.

10.     Defendants derive significantly all of their revenue from interstate commerce, particularly commerce to, and from, New York.

11.     Plaintiff was injured in New York State in multiple ways.  Plaintiff lost the licensing revenue, owed to plaintiff in this State.  The association of the ambient, spiritual, Copyrighted Track with combat sports has substantially impaired plaintiff's ability to license the Copyrighted Track to its New York based clientele.

12.     Defendants were put on notice that their infringing activity was having consequences in this state.

13.     Defendants elected to continue to infringe, knowing their actions would have consequences in this state.

14.     The entire Copyrighted Track was used by defendants to promote their services and overall institution.

15.     Jurisdiction is conferred to this Court over defendants pursuant to CPLR § 302(a)(3)(i) and (ii).

## VENUE

16.     At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District and venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

17.     There are no due process concerns in light of the fact that defendants committed an intentional tort that they knew had an effect in this Judicial District.

## PARTIES

18.     Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of Florida with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

19.     Upon information and belief, defendant GOLDEN BOY PROMOTIONS, INC. is a corporation organized under the laws of California with a headquarters located at 626 Wilshire Blvd Ste 350 Los Angeles, CA 90017.

20.     Upon information and belief, defendant GOLDEN BOY PROMOTIONS, LLC is a limited liability company organized under the laws of Delaware with a headquarters located at 626 Wilshire Blvd Ste 350 Los Angeles, CA 90017.

## FACTS

21.     Plaintiff is the sole owner by assignment of an original musical composition and recording titled "DEA" – U.S. Copyright Registration No. SR 713-226. See **Exhibit 1.**

22.     The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

23.     Defendants are licensed boxing promoters.

24.     Without a license or authority, defendants reproduced, publicly displayed, and synchronized the Copyrighted Track to an advertisement titled "Joseph Diaz Jr Training Camp - July 30 HBO Latino" (the "Infringing Advertisement").

25.     Defendants, without license or authority, distributed the Infringing Advertisement to YouTube where it was publicly displayed on defendants' YouTube page located at <https://www.youtube.com/watch?v=gW6jp-BJSNo>.

26.     Upon information and belief, defendants distributed the Infringing Advertisement to numerous social media, Internet based media, and traditional media outlets.

27.     The Infringing Advertisement was reposted, as per defendants' intentions, by other websites like <https://teameverlast.everlast.com/joseph-diaz-training-footage/>.

28.     At no time did the defendants have the right to exploit the Copyrighted Track in any manner.

29.     Defendants infringed plaintiff's rights to the Copyright Track as set forth in 17 § U.S.C. 106(1)(2)(3)(6).

30.     Defendants had no good-faith basis to exploit the Copyrighted Track at any time.

31.     Plaintiff notified defendants on September 15, 2021 that there was no license for the Infringing Advertisement.

32.     Defendants elected to ignore the notice, and continued to infringe.

33.     On May 24, 2022, plaintiff, through counsel, sent a demand to cease-and-desist to defendants. **Exhibit 2**; defendants continued to infringe.

34.     Defendants were sent a copy of the within Complaint on June 1, 2022, and offered a final chance to contact plaintiff to avoid litigation.

35.     Defendants finally removed the Infringing Advertisement but elected to litigate the within dispute.

36.     Defendants infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and the lack of any good-faith basis to exploit the Copyrighted Track, the knowledge of the infringement, and its failure to comply with multiple notices, satisfies the standard for enhanced damages set forth in Section 504(c) of the Act.

37.     Defendants' acts of infringement demonstrate the callous disregard defendants have for their legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendants from routinely violating the Copyright Act.

38.     Defendants have infringed plaintiff's rights pursuant to Section 106 of the Act. Plaintiff has incurred damages, and requests an award of defendant's profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover statutory damages pursuant to 17 U.S.C. § 504(c)(2) for willful infringement/reckless disregard of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## ADDITIONAL DAMAGE TO PLAINTIFF

39.     Defendants are engaged in combat sport promotion.

40.     The Copyrighted Track, like the rest of plaintiff's music, is uplifting, and spiritual in nature.  Plaintiff strictly limits the parties to whom plaintiff will grant a license to only those that have broad-based appeal, and don't associate the Copyrighted Track, or other tracks, with violence, misogyny, racial bias, pornography, or gambling.  In fact, plaintiff does not license to any blood-sport in order to maintain as broad based an appeal as possible.

41.     Plaintiff has licensed the Copyrighted Track, and similar tracks, to companies like Dive Soap, DC Shoes, Major League Baseball, National Basketball Association, the Columbia Broadcasting System, and SONY Entertainment.  The Copyrighted Track, and similar tracks, has appeared in videogames like Spiderman for the PS4, and movies like Extremely Loud & Incredibly Close.

42.     Plaintiff also partners with non-faith based not-for-profit institutions like the American Cancer Society, the World Wildlife Foundation, and PBS.

43.     The Copyrighted Track generates approximately 18% of plaintiff's licensing revenue.  Licensing makes up approximately 55% of plaintiff's total revenue.

44.     Many of the corporate entities which plaintiff has licensed the Copyrighted Track to, and expects to license in the future, are in New York.

45.     The licensing success of the Copyrighted Track is directly attributed to its broad-based appeal and non-controversial placements.

46.     Every major prospective licensee does a search to identify where the track it is seeking to license has been used.

47.     The affiliation with defendants substantially devalued the broad-based appeal of the Copyrighted Track.

48.     Had the defendants sought a license, they would have been rejected.

49.     The forced association of the Copyrighted Track with defendants has damaged plaintiff's ability to license the Copyrighted Track in an amount to be determined at trial.

## DMCA VIOLATIONS

50.     Defendants removed all copyright management information (the "Copyright Management Information" or "CMI") associated with the Copyrighted Track prior to their unlicensed distribution and public display.

51.     Defendants removed all CMI which identified the Copyrighted Track, the author of the Copyrighted Track, the owner of any right in the Copyrighted Track, or information about the terms and conditions of use of the Copyrighted Track.

52.     Defendants continued to publicly display the Infringing Advertisement with no CMI after plaintiff informed defendants that it was infringing plaintiff's rights to the Copyrighted Track.

53.     Defendants removed the CMI with the intent to cover their acts of infringement, and failed to correct the CMI after notice.

54.     Defendants violated 17 U.S.C. § 1202 – the DMCA.  Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

## DUE DILIGENCE

55.     Defendants took every step possible to ensure their infringement of the Copyrighted Track went unnoticed.

56.     Defendants removed the CMI, making it impossible to identify their unlicensed use of the Copyrighted Track.

57.     In 2021, plaintiff retained a third-party company that facilitates the collection of royalties on YouTube.

58.     In June 2021, plaintiff received a report of all uses of its copyrighted tracks on YouTube.

59.     Plaintiff identified the Infringing Advertisement in the tens of thousands of uses on YouTube in September 2021.

60.     Plaintiff notified defendants of its unlicensed use of the Copyrighted Track immediately after the unlicensed use was identified.

61.     Previously, plaintiff conducted dozens of manual word searches each year of the nearly two billion videos on YouTube.  By eliminating the CMI, defendants ensured its infringing use did not appear in any of those searches.

## FIRST CLAIM FOR RELIEF
## COPYRIGHT INFRINGEMENT

62.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

63.     It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

64.     Defendants without authority from plaintiff, reproduced, distributed, publicly displayed, and/or synchronized plaintiff's Copyrighted Track, in its entirety, to the Infringing Advertisement.

65.     Defendants created and displayed the Infringing Advertisement for the sole purpose of commercial gain.

66.     Defendants refused to cease-and-desist after a demand from plaintiff directly.

67.     Defendants' use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

68.     Defendants' use was not transformative.

69.     As a direct and proximate result of defendants' infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendants' profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover a statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

## SECOND CLAIM FOR RELIEF
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

70.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

71.     Defendants distributed the Infringing Advertisement to third parties with the intent those third-parties distribute the Infringing Advertisement.

72.     Third-parties did indeed republish the Infringing Advertisement.

73.     Defendants materially contributed to the infringing acts of those third-parties, and did so for the sole purpose of financial gain.

74.     Defendants, after all, are in the business of promoting boxing matches for the purpose of financial gain.

75.     As a direct and proximate result of defendants' contributory infringement of plaintiff's exclusive rights to the Copyrighted Track as set forth in Section 106 of the Act,

plaintiff has incurred damages, and requests an award of defendants' profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees.  Plaintiff may also elect to recover a statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

**THIRD CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

76.     Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

77.     Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with CMI including the title, author, label, and copyright owner.

78.     Defendants removed plaintiff's CMI, and copied, synchronized, publicly displayed, and/or distributed the Copyrighted Track with no CMI.

79.     Defendants continued to publicly display the Infringing Advertisement with no CMI after notice.

80.     Defendants violated the DMCA each time they wrongfully distributed the Infringing Advertisement with no CMI, and failed to correct the CMI after notice.

81.     Defendants did the forgoing with the intent to conceal the infringement.

82.     Plaintiff seeks award of statutory damages against each defendants for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendants, and awarding plaintiff as follows:

1.      restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;

2.      compensatory damages in an amount to be ascertained at trial;

3.      statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4.      an award of statutory damages for each violation by defendants of the DMCA, 17 U.S.C. § 1202;

5.      reasonable attorneys' fees and costs (17 U.S.C. § 505);

6.      pre- and post-judgment interest to the extent allowable; and,

7.      such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: June 13, 2022                         GARBARINI FITZGERALD P.C.
       New York, New York

By: _Richard M. Garbarini_ _____

Richard M. Garbarini (RG 5496)

11